The opinion of the court was delivered by
McEnery, J.
The plaintiff owns property upon which he resides-in the town of Thibodaux. He sued the corporation and John Mc-Oulla jointly and severally for two thousand five hundred dollars, damages for depreciation in the value of his property and two hundred and fifty dollars attorney’s fees for prosecuting the action. The cause of action is stated to be that on the 6th day of May, 1890, the defendant corporation allowed John McCulla to cut a canal from, Acadia plantation to drain all the territory, including the property of the defendant McCulla to the westward, into and through a ditch, on Cider street in said town, on the south line of plaintiff’s property, into the Barataria canal, which is immediately west of plaintiff’s. property.
The territory drained is alleged to be four hundred acres, the. *1529 natural drainage of which, it is claimed, is to the east through Acadia plantation and through the Lafourche swamp.
The plaintiff further alleges that he made complaint of the precipitation of the water on his property, but instead of stopping it the corporation, on the 1st April, 1893, aggravated the damage by placing a floodgate at the west end of said culvert. The acts of defendants are alleged to be “tortious and illegal.” The defendant McOulla pleaded a general denial, and specially that “in all he did in the premises was in his official capacity as drainage commissioner.” The defendant corporation also pleaded a general denial, and admitted its consent to the drainage complained of.
The testimony shows that the defendant McOulla acted solely in his official capacity.
The record does not disclose the fact that the defendant McOulla acted on his own responsibility and individually in cutting the ditch.
Officials in the performance of a duty imposed by law can not be held in damages for acts done strictly within the lines of official duty.
The evidence shows that the second drainage district was created by the police jury of Lafourche and embraced within its jurisdiction the town of Thibodaux.
There are three commissioners of the drainage district, and on their application permission was granted by the council of the town of Thibodaux to drain into Oider street ditch a canal. This ditch or canal was cut by Guidry and Lagarde, then owners of plaintiff’s property. Plaintiff acquired title from Guidry. The ditch was cut many years ago and drains into the Barataría canal, which is the, natural drain of the town of Thibodaux and had been used to carry-off the drainage of the town from time immemorial. Plaintiff’s, property is lower than the land immediately alongside of the ditch and between that ditch and his fence, and when the ditch is dry-water to a considerable amount after heavy rains remains on the ground in the vicinity until evaporated. Before the ditch on Oiderstreet was cut by Guidry, he says plaintiff’s property, after heavy rains, was full of water, in depth not less than a foot and a half. The-lots of plaintiff sloped toward the east.
The natural flow of the water is from a ridge on Tetreau’s land, orín that neighborhood, to the east on the east side of the ridge, and to the west on the west side of it.
The Oider street ditch is the main drain that carries the water into/ *1530 the Barataría canal from the eastern part of the town and the suburbs in the vicinity. If there was no ditch on Oider street the lower portion of the town would be flooded in times of heavy rainfalls. A floodgate was placed at the culvert on the Cider street ditch, the object •of which was to prevent the water from the Barataría canal running through that culvert and going east.
It appears to us that all that was done in opening, deepening and widening the Cider street ditch was for the better drainage of the town. The plaintiff’s land was low and so situated as to receive the ■drainage from parts more advantageously located.
The plaintiff has apparently suffered from the drainage canal on Oider street. But the inconvenience to him is the result of the unfortunate location of his property. He holds it subject to unfortunate conditions and his interest must give way to the greater controlling interest of the public. Dubose vs. Levee Commissioners, 11 An. 167.
It is probable that the culvert in the ditch was too small. But this was an error of judgment in the construction of the work. But on this poino the evidence is not such as to justify the conclusion that the work was defective. When it is alleged that a municipal corporation has executed a lawful power in an injurious and malicious manner the presumption will be in favor of the propriety and good faith of the acts of the corporation, and the complainant must make out a clear case of wilful oppression to obtain relief. Reynolds vs. Mayor, 13 An. 426.
The acts of the corporation of the town of Thibodaux have not been shown, bo be such acts as were not vested in the corporation by the charter of the town, or that they were improperly, wantonly and maliciously done. We are therefore of opinion that the plaintiff is without cause of action against the defendants. Bennett vs. New Orleans, 14 An. 120.
Judgment affirmed.