## No. 12,640.

### PAUL LECOURT VS. DEXTER S. GASTER.

The civil courts have the power to decide questions of damages though it involves the interpretation of a criminal statute.

To make an officer liable, acting within the scope of his authority as an officer, it must be shown that he greatly abused his authority; that such a mistake was made as a person of ordinary care and intelligence might make, will not amount to such an abuse.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

---

*E. A. O'Sullivan* for Plaintiff, Appellant.

---

*Samuel L. Gilmore,* City Attorney, and *W. B. Sommerville,* Assistant City Attorney, for Defendant, Appellee.

---

Argued and submitted March 9, 1898.
Opinion handed down March 21, 1898.
Rehearing refused April 18, 1898.

---

The opinion of the court was delivered by

BREAUX, J. This was an action for damages against the Superintendent of Police of the city of New Orleans. Plaintiff claimed that

the defendant misinterpreted the law known as the Sunday law. He alleged that the defendant ordered him to close his saloon at West End every Saturday night at 12 o'clock, and that he, to avoid arrest, closed his saloon.

He insists that the Sunday law does not apply to his saloon; that it is exempt from the prohibition contained in the act.

He asserts that defendant for some time recognized his right to open his saloon on Sunday, but that in September, 1896, he took upon himself to order plaintiff to close his saloon.

Defendant's exceptions of want of jurisdiction *ratione materiæ* and of no cause of action were sustained. Plaintiff appealed from the judgment dismissing his suit.

There is no complaint here of any particular act of unfairness or discrimination in the execution of the law. We take it that it was made to apply to all alike in the locality in which the defendant has a saloon. Its proper to take it for granted that no partiality was shown. The maxim *omnia rite* applies.

The gravamen of the charge is, that the statute does not apply to the establishments located and maintained where petitioner has his place of business.

After an examination of the question presented, and after having considered the authorities, we found no difficulty in arriving at the conclusion that as relates to trespass and the invasion of private rights the civil courts have jurisdiction to hear and determine suit for damages.

Damages may arise from an offence (R. S. 985) recoverable only in a civil court. The civil courts, in these cases, may interpret the criminal statutes and render judgment for actionable damages. Having recognized the right of one injured to sue and sustain an action in the civil courts for trespass and wrong upon his personal right it remained for us to determine, whether plaintiff's allegations set forth a cause of action.

The officer owes a responsibility to the public. He is presumed in the discharge of his functions to have acted in accordance with law, until the contrary is made evident. To sustain an action in damages against an officer, it must be shown that he grossly abused his authority.

It has been decided, as to him, a mistake such as a person of ordinary care and intelligence might make, will not amount to an action-

able abuse.   Under his obligation it was defendant's duty to look to the enforcement of the law.   The right of action against an officer is limited.   It must be shown that the officer did negligently that which it was his duty to do, or that he wilfully and maliciously perpetrated an injustice.

If the error charged, as to plaintiff's business, consisted in a misinterpretation of Sec. 2 of Act 18 of 1886, which reads, " provisions of this act shall not apply to" places of public resort, of recreation, of health and watering places, and in a misapplication of Sec. 3 of the act which reads, "no alcoholic, vinous or malt liquors shall be given, traded or bartered, or sold or delivered in any public place on said day;" we do not believe for a moment that the error (in seeing to the execution of the statute as difficult to construe as this is), gives rise to a cause for damages, particularly if it be not shown that the officer was wanting in good faith in his endeavors to obtain its execution.

In any case it must, in our view, clearly appear that he was not acting within the scope of his authority, owing to a determination on his part to impose upon private rights.   Nothing here denotes that the officer contemplated anything of that sort.

We have given this case our attentive consideration, and have arrived at the conclusion that the court a qua had jurisdiction; but that a cause of action was wanting from every point of view.

The civil courts have jurisdiction because no one can inflict actionable damages without the risk of being held for reparation.

The cause of action was wanting in addition to reasons already given because the plaintiff made no objection to closing; but closed as we take it, without the least protest.   His act has the appearance of acquiescence.

In fine, beyond all this, we infer that the main purpose of the action was to get an interpretation of the statute.

That interpretation to this time does not agree with plaintiff's position, but even if it did, plaintiff, for reasons before stated by us, would have no right of action.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is affirmed.