ODOM, Justice.
 

 Plaintiff alleged that a bridge or trestle built by the Police Jury of St. Tammany Parish as a part of its public road system gave way or broke down while a motor truck on which he was riding was passing over it; that the truck, which was loaded with tar barrels, fell through the bridge, “forcing the load of tar down upon petitioner and crushing him against the wall of the truck cab”, and that as a result he •was severely injured.
 

 He brought suit against the parish to collect damages for the personal injuries thus received, charging that the police jury was grossly negligent in constructing the bridge. As to the police jury’s negligence, plaintiff alleged that:
 

 “In constructing the said bridge the said defendant was extremely negligent in that the said bridge was not built with sufficient strength, both in material and construction, to adequately and properly support the traffic customarily and usually passing over and upon the highways of the said Parish of St. Tammany and was, in fact, a trap which, inviting traffic over the same would sooner or later give way causing injury to some one.”
 

 The police jury excepted to plaintiff’s petition on the ground that it set out no cause or right of action. This exception was sustained, and plaintiff’s suit was dismissed at his cost. From this judgment plaintiff prosecutes this appeal.
 

 The judgment appealed from is correct. Parishes are not responsible for damages caused by the negligence of police juries in matters of this kind. Section 2743 of the Revised Statutes, as finally amended by Act No. 234 of 1928, delegates to police juries the power to make all such rules and regulations as they may see fit in the making and repairing of roads and bridges. As relates to the building and repairing of roads and bridges, police juries have only delegated authority, and, when they act in matters of this kind, they do so as agents or instrumentalities of the State in their governmental functions. In so far as liability for negligence in such matters is concerned, the police juries can no more be held liable than the State itself could be. The jurisprudence of this State is settled to the effect that police juries, being subdivisions of the State and instrumentalities of government, exercising only such authority as
 
 *217
 
 is given them by the State relating to the matter of building roads and bridges and keeping them in repair, are not liable for the negligence of their officers in failing to build safe bridges or to keep them in repair. One who is injured by falling through a defective bridge has no remedy under the statutes against the police jury. King v. Police Jury of St. Landry Parish, 12 La.Ann. 858; Sherman v. Parish of Vermillion, 51 La.Ann. 880, 25 So. 538; Fischer Land & Improvement Co. v. Bordelon, 52 La.Ann. 429, 27 So. 59; Bankins v. Calcasieu Parish, 116 La. 639, 40 So. 925; Gaudet v. Parish of Lafourche, 146 La. 363, 83 So. 653.
 

 Counsel for plaintiff seems to concede that this was the jurisprudence up to the time the case of De Moss v. Police Jury of Bossier Parish, 167 La. 83, 118 So. 700, 703, 68 A.L.R. 336, was decided, in 1928. But he suggests that the rule was modified by the holding in that case. Counsel is mistaken. The facts involved in the De Moss cáse were that the police jury was widening and raising the grade of a public road, which necessitated acquiring from an adjacent landowner an additional strip of land, on which the landowner had set his fence. The police jury set the fence back; but later on it was found necessary to acquire more land, and the fence was torn down but not reset. The tenant’s crop of cotton and corn was left exposed to the depredation of cattle and was destroyed by them. The tenant sued the police jury for the value of the crop thus destroyed. This court reviewed the jurisprudence relating to the negligence of police juries in the construction of' roads and bridges and keeping them in repair, and found no fault with it. But it was held that the principle announced therein was not applicable to a case where a citizen’s. property was destroyed in the process of building a public road. The court cited Section 3369 of the Revised Statutes, which provides the method of laying out and constructing public roads, and provides that all damages sustained by citizens as a result of laying out and constructing public roads shall be deemed a parish charge and paid by the treasurer' of the parish. The court also referred to the Constitution, Section 2, Article 1, which provides that “private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid”. The court held that, when a police jury takes or damages private property for public purposes, it should be held liable, the same as levee boards, “since such boards have been required to pay for property taken or damaged for public purposes”; citing the cases of Green v. Levee Board, 163 La. 117, 111 So. 619, and McGeehan v. Levee Board, 165 La. 241, 115 So. 473.
 

 In the course of our opinion in the De Moss case, after reviewing the King, the Sherman, the Fischer, the Bankins, and the Gaudet cases, we said:
 

 “It will readily be seen from a mere statement of the cases relied -on that the principle on which they were decided is not involved in this case. There was no duty imposed upon the police jury to avoid or to provide against the' act which caused the damages complained of in those cases,
 
 *219
 
 and there was no question, such as we have here, of the taking or damaging of a citizen’s property for public purposes without due process of law and without an adequate compensation.”
 

 For the reasons assigned, the judgment .appealed from is affirmed at plaintiff’s cost.