50 So.2d 805

**STRAHAN v. FUSSELL.**
**In re STRAHAN.**

No. 39700.

Jan. 9, 1951.

Rehearing Denied Feb. 12, 1951.

Ott & Watts, Franklinton, for appellant.
Ott & Richardson, Bogalusa, for defendant, appellee.

HAWTHORNE, Justice.

This case is before us under our supervisory jurisdiction to review the judgment of the Court of Appeal, First Circuit, 42 So. 2d 129, affirming a judgment of the Twenty-second Judicial District Court for the Parish of Washington, which dismissed plaintiff's suit on exception of no cause or right of action.

Plaintiff, Lavert Strahan, instituted this suit against the defendant, Arnold W. Fussell, seeking to recover damages in the sum of $1,400 resulting from the destruction of his automobile caused by its dropping into a hole in a public bridge located in Ward 6 of Washington Parish, Louisiana. The petition alleges that the defendant was at the time of the accident and prior thereto a member of the police jury from Ward 6 of Washington Parish. The petition further alleges that it has been the practice of the police jury of that parish to allocate to its different members funds necessary to build and maintain the roads and bridges in their respective wards, the funds to be expended entirely in the discretion of each police juror; that such funds had been allocated to the defendant herein, and that he had more than a sufficient sum on hand to effect the repairs needed on the bridge and all other roads and bridges in Ward 6 of the parish and keep them in excellent condition and repair; that the defendant knew of the decrepit and dangerous condition of the bridge, and that this condition was unknown to the plaintiff; that the bridge had been carelessly and negligently repaired by placing a runway of planks over the hole running with the length of the bridge instead of by replanking the section of the bridge where the hole was; that the planks covering the hole in the bridge turned under the wheels of the petitioner's car, causing it to drop into the hole thereunder; that the improper repairs and the failure of the defendant to keep the original careless, negligent, and insufficient repairs in a satisfactory condition constituted gross negligence and a hazard, and caused the accident.

The petition also alleges that Arnold W. Fussell as police jury member was the controlling authority in Ward 6 and was vested with legal authority to institute repairs of the nature required on his own initiative and without consulting any one; that he caused and supervised the careless and negligent repairs of the bridge and should have known that the repairs were temporary in nature and would have to be watched carefully to prevent a dangerous condition from developing; "that the road and bridge in question in this suit are Parish responsibilities and are supposed to be properly maintained by the Parish, and, consequently, are encompassed within the duties and responsibilities of Arnold W. Fussell".

■ In considering the exception in the instant case, we do so with the rule in mind that we must accept as true all well pleaded facts in plaintiff's petition.

Under Article 2315 of our Civil Code, every act whatsoever of man that causes damage to another obliges him by whose fault it happens to repair it. Under this article every person, no matter what his occupation or station in life, must repair the damage to another that is caused by his fault. The petition in the instant case alleges that the defendant committed an act, that he was at fault, and that damage was caused to plaintiff by defendant's act. The

petition therefore states a cause of action under the provisions of the article unless plaintiff has alleged therein some well pleaded fact which would show that the defendant comes within some exception to these provisions.

Defendant in support of his exception of no cause or right of action relies on the allegation of fact in plaintiff's petition that he was and is a public officer, that is, a member of the police jury of Washington Parish, and argues that consequently he is exempt from liability for any act of negligence which he is alleged to have committed.

■ In this state it is well settled that the police jury as the governing body of a parish is not liable to an individual for damages sustained by him because of the state of disrepair of the roads and bridges within its jurisdiction or for the negligence of its officers in building unsafe bridges. King v. Police Jury of St. Landry, 12 La.Ann. 858; Bankins v. Police Jury of Calcasieu Parish et al., 116 La. 639, 40 So. 925; Gaudet et ux. v. Parish of Lafourche et al., 146 La. 363, 83 So. 653; Smith v. Police Jury of St. Tammany Parish, 192 La. 214, 187 So. 553.

■ It has also been held that there is no personal liability on the individual members of a public body, who are public officers, for the neglect of duty of that body when they act in good faith and without malice, as the official action of the different members becomes merged in the official action of the body itself as an entity. See Monnier v. Godbold et al., 116 La. 165, 40 So. 604, 5 L.R.A.,N.S., 463; Tucker et al. v. Edwards et al., 214 La. 560, 38 So.2d 241.

According to numerous text writers, the jurisprudence throughout the country as to the personal liability of a public officer for injury resulting from failure to keep streets or highways in repair is hopelessly in conflict. According to an annotation in 40 American Law Reports, pp. 39 et seq., in most jurisdictions a public officer is liable for personal injuries resulting from his negligence when the duty imposed on him of keeping the streets or highways in repair is ministerial in character and not judicial or discretionary. In other jurisdictions the courts have followed what this text calls the minority rule, to the effect that in the absence of an express statutory provision a public officer on whom rests the duty of keeping streets and highways in repair is not liable for any injury resulting from his negligence in that respect.

In the instant case, however, we are not called upon to determine the rule of law which should be adopted in this state, since we have decided, for a reason wholly unrelated to any of these rules, that the defendant was not clothed with the immunity from suit of a public official.

The defendant is entitled to the immunity from suit of a public official only so long as he acts honestly and in good faith, and within the scope of his authority. If he acts outside of his strict authority, he breaches the condition of his immunity and is liable to

a civil action for damages to persons harmed by his improper conduct. Harper on Torts, sec. 298, p. 668; 2 Shearman and Redfield on Negligence (Rev'd Ed.), sec. 323, p. 792; 2 Elliott on Roads and Streets (4th Ed.), sec. 858, p. 1120; see also David, The Tort Liability of Public Officers, 12 So.Cal.L. Rev. 127, 151.

In Thibodaux v. Town of Thibodaux et al., 46 La.Ann. 1528, 16 So. 450, it was said: "Officials, in the performance of a duty imposed by law, cannot be held in damages for acts done strictly within the lines of official duty."

See also Lecourt v. Gaster, 50 La.Ann. 521, 23 So. 463; Tucker et al. v. Edwards et al., supra; Anders v. McConnell, La.App., 31 So.2d 237.

Under the allegations of the petition, the officer in this case acted outside the scope of his authority when he performed the act which is alleged to have damaged the plaintiff. The petition alleges as a fact that the police jury of the parish had allocated to the defendant as a police juror from Ward 6 of that parish, and that he had on hand, ample funds to make and maintain the proper repairs to the roads and bridges; that such custom or practice was followed by the police jury with reference to its members for the maintenance of roads and bridges in the wards from which they were elected, and that as a result of this practice the defendant Fussell was the controlling authority in his ward and vested with the legal right to institute repairs to the roads and bridges on his own initiative, in his own discretion, and without consulting any one.

We know of no law which authorizes the practice of allocating funds to a particular member of the police jury to be expended in his discretion and as he sees fit, and are of the opinion that it is illegal, as the authority to expend funds and make decisions regarding the maintenance and repair of roads and bridges is vested in the police jury as an entity or public body acting as a whole, and not in the individual members thereof. Consequently the allegation that the defendant was the sole controlling and *legal* authority in his ward in the expenditure of the funds so allocated and in the maintenance of the roads and bridges is merely a conclusion of law on the part of the pleader, which is incorrect.

■■ The allocation by the police jury to the defendant of funds to be used in his discretion to repair and maintain roads and bridges was clearly illegal and without authority of law, an illegal act on the part of the body of which he himself was a member. Under this illegal practice he assumed authority that the statute of this state does not give to him. When he undertook to repair the bridge, he acted outside the scope of his authority and presumed to exercise the authority which the statute of this state gives to the police jury as a whole, and therefore he had no immunity as a public official to protect him from a civil suit for damages caused by him by such act. Hence

in this suit he is in the same position as any individual, and his status as a public officer does not exempt him from the provisions of Article 2315 of the Code. The petition therefore states a cause of action insofar as it alleges that the defendant committed a negligent act which damaged the plaintiff.

In brief filed in this court, defendant admits that the procedure as outlined in the petition was unauthorized and illegal and contends that the police jury could not thus shift its responsibility to him. We agree with this contention; however, his own illegal act of assuming improper authority is no defense to an action for damages arising out of an unauthorized act.

The opinion of the Court of Appeal, La. App., 42 So.2d 129, 131, shows that it considered that the decision of whether the defendant had any personal responsibility in this case would be determined by accepting one of the two views applicable to officers charged with the duty of the maintenance and repair of bridges. In that opinion the court said:

"In 9 C.J. page 469 (Section 69-b), we find: 'According to the weight of authority, the officers *charged with the duty* of the maintenance and the repair of bridges are not personally liable for damages for injuries sustained by an individual by reason of their negligent failure to perform their duty in this regard, in the absence of some statute specifically imposing this liability (whether or not he has the necessary funds to make the repairs or the means to procure

them—our insertion); * * *. The rule stated in the first paragraph of the text, however, has not received universal acceptance. It has been held that, where officers have the requisite funds in hand or under their control, they are bound to repair bridges which are out of repair, and to repair them with reasonable and ordinary care and diligence; and that if they omit the duty they are liable to individuals who sustain damage from such neglect. * * *"

\* \* \* \* \* \*

"Since the Supreme Court has refused to elect between these two conflicting theories, it appears that we must make the election. For our part, we are willing to follow the majority holding as set out in 9 Corpus Juris * * *." (Italics ours.)

As we have heretofore pointed out, *it was not the duty* and responsibility of the defendant to maintain and repair the roads and bridges in his ward, and he went beyond the scope of his official authority when he acted to maintain and repair the bridge where plaintiff's automobile was destroyed. The rules discussed by the Court of Appeal, therefore, are not decisive of this case.

For the reasons assigned, the judgment of the district court dismissing plaintiff's suit is reversed and set aside, and the case is remanded to the lower court for trial on the merits. The costs of appeal and in this court are to be paid by respondent, Arnold W. Fussell; all other costs to await the final decision of the case on its merits.

LE BLANC, J., recused.