On The Merits
Defendant in answer denied Articles 3, 4, 5, admitted Article 6, and in answer to Article 7 set forth:
“That defendant Alcus Louis For-nea, denies Article VII of plaintiffs petition but does specifically admit that the Washington Parish Police Jury operates and functions under a system commonly referred to as the Ward System.”
Defendant denied Articles 8 and 9.
In the' more or less recent case of Strahan v. Fussell, 218 La. 682, 50 So.2d 805, 807, decided by the' Supreme Court- of Louisiana, the so-called “Ward system” was condemned in the following language:
“We know of no law which authorizes the practice of allocating funds to a particular member of the police jury to be expended in his discretion and as he sees fit, and are of the opinion that it is illegal, as the authority to- expend funds and make decisions regarding the maintenance and repair of roads and bridges is vested in the police jiiry-as an entity or .public body acting as a whole, and not in the individual members thereof. Consequently .the allegation that, the defendant was the solé controlling and legal authority in his ward in the expenditure of the funds so allocated and in the-maintenance of the' roads and bridges is merely a conclusion of law on the part of the pleader, which is ’incorrect.
“The allocation by the police jury to the defendant of funds to be. used in his discretion to repair and maintain roads and bridges was clearly illegal and without- authority of law, an illegal act on the part of the body of which he himself was a member. * * *»
While the defendant denied relator’s definition trader the'allegation détailing the-effect of the “Ward system” in operation, the evidence unquestionably, and particularly that of Mrs. Mildred K. O’Dell, Secretary of the Washington Parish Police Jury, is .conclpsjy.e that, each police juror-has-the complete and. sole authority to order and purchase material from whomsoever he pleases to be used in his ward, and to hire or fire' employees within the ward; and a bill for the purchase price of material or for labor used within the ward must first be approved by the Police Jury m'ember of that ward, then it is passed to the Finance Committee and to the Police Jury as a whole for approval.
The relator has offered in evidence forty-one checks drawn on the ’ Parish Treasurer, Washington Parish, to First State.Bank and Trust Company, Bogalusa,-La., as well as twenty-one photostatic copies of other checks, the originals of which are not offered in the record, but which photostatic copies were specifically identified as being true copies Of the original checks in the possession of the Police Jury. Listed below áre the numbers, dates, payees, amounts and endorsements of the' original checks and photostatic copies:
*470 Number Date Original Checks Payee Amount Endorsement
10812 '6/13/51 Fornea’s Lumber Co. $275.05 Fornea’s Lumber Co. By W. W. Fornea, Partner Louis Fornea
11312 7/24/51 W. W. Fornea 268.68 W. W. Fornea Louis Fornea
11608 8/8/51 Fornea’s Lumber Com- 332.05 pany For Deposit Fornea’s Lumber Company By Tom Paul Fornea
13704 3/12/52 W. W. Fornea 362.44 W. W. Fornea Louis Fornea
14362 5/14/52 W. W. Fornea 345.03 W. W. Fornea Louis Fornea
14458 5/14/52 Fornea Brothers 341.30 Fornea Brothers By W. W. Fornea (Partner) Louis Fornea
14596 7/9/52 W. W. Fornea 338.10 W. W. Fornea L. Fornea
15224 8/13/52 W. W. Fornea 461.48 W. W. Fornea Louis Fornea
15711 10/7/52 Fornea Bros. 379.94 Fornea Bros. By W. W. Fornea, Partner L. Fornea
15712 10/7/52 Fornea Lumber Com- 279.18 pany Fornea Lumber Company By T. P. Fornea, Partner L. Fornea
15714 10/7/52 Fornea Bros. 248.76 Fornea Bros. By W. W. Fornea, Partner L. Fornea
15715 10/7/52 W. W. Fornea 180.00 W. W. Fornea ' A. Fornea
15716 10/7/52 Fornea Bros. 269.87 Fornea Bros By W. W. Fornea, Partner L. Fornea
16046 11/12/52 W. W. Fornea 244.30 W. W. Fornea L. Fornea
16203 12/10/52 Fornea Lumber Com- 297.50 pany Fornea Lumber Company By T. P. Fornea, Partner L. Fornea
16204 12/10/52 Fornea Lumber Com- 315.00 pany Fornea Lumber Company By T. P. Fornea, Partner L. Fornea
16288 .12/10/52 Fornea Brothers 272.34 Fornea Brothers By W. W. Fornea, Partner L. Fornea
*471 Number Date Payee Amount Endorsement
16345 12/10/52 Fornea Bros. $121.02 Fornea Bros. By W. W. Fornea (Partner) L. Fornea
16719 1/14/53 Fornea Brothers 247.26 Fornea Brothers By W. W. Fornea, Partner
16771 2/11/53 Fornea Lumber- Com- '533.94 pany Fornea Lumber Company By J. E. Fornea (Partner) Louis Fornea
16772 2/11/53 Fornea Sand & Gravel 300.00 Fornea Sand & Gravel By J. N. Fornea (Partner) Louis Fornea
17241 3/11/53 Fornea Sand & Gravel 350.00 Fornea Sand & Gravel By T. P. Fornea (Partner) L. Fornea
17242 3/11/53 W. W. Fornea 319.08 W. W. Fornea Alcus Fornea
17567 4/8/53 W. W. Fornea 310.98 W. W. Fornea Louis Fornea
17568 4/8/53 Fornea Sand & Gravel 160.00 Fornea Sand & Gravel Co. By J. N. Fornea Louis Fornea
17751 3/13/53 Fornea Sand & Gravel- 230.40 Fornea Sand & Gravel By T. P. Fornea (Partner) L. Fornea
17983 6/10/53 Fornea Lumber Com- 349.92 pany Fornea Lumber Company By J. E. Fornea (Partner) L. Fornea
17984 6/10/53 Fornea Sand & Gravel 170.00 Fornea Sand & Gravel By T. P. Fornea, Partner L. Fornea
17985 6/10/53 Fornea Lumber Com- 280.75 pany Fornea Lumber Co. By J. E. Fornea (Partner) L. Fornea
17986 6/10/53 Fornea Bros. 315.72 Fornea Bros. By W. W. Fornea, Partner L. Fornea
18319 7/8/53 Fornea Lumber Com- 242.50 pany Fornea Lumber Co. By T. P. Fornea Louis Fornea
18320 7/8/53 Fornea Lumber Com- 130.00 pany Fornea Lumber Co. By T. P. Fornea (Partner) Louis Fornea
18321 7/8/53 W. W. Fornea 318.61 W. W. Fornea Louis Fornea
*472 Amount Number Date Payee Endorsement
18322 7/8/53 Fornea Lumber Com- $311.54 pany Fornea Lumber Co. Tom Paul Fornea
18531 8/29/53 Fornea Sand & Gravel 298.00 Co. Fornea Sand & Gravel Co. By Tom Fornea, Partner L. Fornea
18541 9/9/53 W. W. Fornea 391.83 W. W. Fornea Louis Fornea
18544 9/9/53 Fornea Brothers 89.44 Fornea Brothers By W. W. Fornea, Partner Alcus Fornea
18545 9/9/53 Fornea Brothers 94.06 Fornea Brothers By W. W. Fornea, Partner L. Fornea
18787 10/14/53 Fornea Sand & Gravel 195.00 Co. Fornea Sand & Gravel Co. By T. P. Fornea, Partner L. Fornea
18788 10/14/53 Fornea .Lumber Com- 298.24 pany Fornea Lumber Co. By T. P. Fornea (Partner) L. Fornea
19920 2/10/54 Johnie Fornea 114.00 Johnie Fornea L. Fornea
Photostatic Copies
9833 2/14/51 W. W. Fornea 294.85 W. W. Fornea For Deposit Fornea Bros,
9867 2/14/51 Fornea Brothers 43.98 For Deposit Fornea Brothers By W. W. Fornéa
10276 5/11/51 Fornea Brothers 73.50 Fornea Brothers By W. W. Fornea (Partner) W. W. Fornea
10449 5/9/51 Fornea Bros. 48.66 For Deposit Fornea Brothers
10498 5/9/51 W. W. Fornea 99.24 W. W. Fornea For Deposit Fornea Brothers
10566 5/9/51 Fornea Bros. 273.72 For Deposit Fornea Brothers
11862 9/12/51 Fornea Bros. 77.40 Fornea Brothers by W. W. Fornea
12172 10/10/51 W. W. Fornea 130.86 W. W. Fornea For Deposit Fornea Bros.
*473 Number Date Payee - Amount Endorsement
Fornea Bros. 12181 10/10/51 $370.47 For Deposit Fornea Bros. By W. W. Fornea
12184 10/10/51 Fornea Bros. 200.00 For Deposit Fornea Bros. By W. W. Fornea
12778 1/9/52 Fornea Bros. 284.24 For Deposit Fornea Bros. By W. W. Fornea
12905 1/9/52 Fornea Bros. 564.66 For Deposit Fornea Bros. By W. W. Fornea
13428 2/13/52 W. W. Fornea 150.00 W.- W. Fornea For Ceposit Fornea Bros. ‘ ■ ■
13429 2/13/52 W. W. Fornea 133.08 W.W. F.ornea For Deposit . Fornea Bros.
13435 2/13/52 R. H. Fornea Lumber ■ 117.11 Company R. H. Fornea Lumber Company By R. H. Fornea, owner For Deposit R. H. Fornea
14001 4/9/52 W. W. Fornea 108 W. W. Fornea For Deposit
14060 ' 4/9/52 Fornea Bros. 276.44 For Deposit Fornea Bros. By W. W. Fornea .
16955 2/11/53 W. W. Fornea 266.64 W. W. Fornea
19394 12/9/53 Fornea Bros. 321.75 Fornea Bros. By W. W. Fornea (Partner) For Deposit W. W. Fornea
20168 3/10/54 W. W. Fornea 357.86 W. W. Fornea
20549 5/14/54 W. W. Fornea '392.22 W. W. Fornea
It is shown that the defendant’s full name was Alcus Louis Fornea, and that he was plected president of the Washington Parish Police Jury in 1952 and in signing the checks as President of the Police Jury his regular signature was “Alcus Fornea”.
Under the testimony of the defendant, he stated that he was a member of the parnership of Fornea Brothers during the year 1951 and up until March 31, 1952 when he sold out “everything concerning the sawmill, timber, logs, all deeds, all money in the bank,” and he received all cement equipment.
W. W. Fornea testified that the partnership of Fornea Brothers of which he and the defendant were the sole partners and .owners was dissolved on April 31, 1952. However, this testimony is of little value for this same witness also testified, when personally inspecting and identifying all the checks above shown payable to the order of Fornea Brothers' or W. W.. For-nea during the year, 1951, and specifical *474 ,ly denied in each instance that on the date of the issuance of the check that his brother, Alcus Louis Fornea, was a member of the partnership.. The two statements can not be reconciled. To say that the defendant was not a member of the partnership in 1951 and then, on cross examination, clearly and without equivocation, testify that the partnership was dissolved on April 31, 1952 is contradictory and must therefore depend on other proof which will be hereinafter discussed. .
Under defendant’s sworn testimony that he was a member of the Fornea Brothers partnership during the year 1951 and part of 1952 and under the method of operation of the “Ward system”, defendant was the sole judge of what and from whom he should purchase materials and solely responsible for the purchase of materials from concerns in which he was interested, this not only constituted a prima facie case but was full and complete proof that he had committed Public Contract Fraud as defined by LSA-R.S. 14:140. He used his power and position as a Police Jury member of Ward 5 to secure the expenditure of public funds, which means the expenditure of public money, to the partnership of Fornea Brothers of which he was a member.
Check No. 11312, supra, was for bridge lumber for Ward 5 and, although the bill head upon which the bill was sent to the Police Jury had “Fornea Brothers”, which is printed in large black letters, scratched out and above that written “W. W. For-nea”, there is absolutely no explanation by the defendant or any other witness why this was done, for the evidence is conclusive that on that date the defendant was a member of the partnership of Fornea Brothers which was engaged in the lumber business. In addition, Mr. W. I. Daniel, manager of the Angie Branch of the Washington Bank & Trust Co., testified that Fornea Brothers was a partnership composed of W. W. Fornea and the defendant, and that the defendant, although he signed Police Jury checks as President, “Alcus Fornea”, it will be noted endorsed these checks “Louis” or “L.” Fornea. Mr. Daniel testified that this- check was endorsed by defendant and the defendant received the money. In other words, he endorsed it “W. W. Fornea, Louis Fornea”.
We also find check No. 13704, supra, which was for lumber and use of a tractor five days in Ward 5, which was endorsed by “Louis Fornea” and he received the money, according to the positive testimony of Mr. Daniel.
Check No. 10812, supra, issued June 13, 1951, at which time defendant was admittedly a member of Fornea Brothers or Fornea Lumber Company, is made payable to the latter and endorsed as heretofore shown, and Mr. Daniel again testified that the defendant received the money for this check. It might be argued that this check was issued in payment of lumber to be used in the Ninth Ward of Washington Parish, but under the law the fact that defendant was a member of the payee partnership and the check having been completely endorsed by him, and he receiving the money, constituted a prima facie case against defendant, and the only way in which he could extricate himself was by a satisfactory explanation which is absent from this record. The defendant admitted the correctness and truthfulness of Mr. Daniel’s testimony.
In addition, we have a ■ photostat of check No. 9867 dated Feb. 14, 1951 payable to Fornea Brothers, at which time defendant was admittedly a member of this partnership, and there is no satisfactory explanation in the record to destroy the prima facie case presented by this check. The samé applies to the photostatic copy of Check No. 10276, supra, payable to Fornea Brothers, and photostatic copy of Check No. 10449, supra, dated May 9, 1951 payable to the order of Fornea Brothers. The invoices for these photostatic copies of 'checks are not in the record and were not photostated, therefore, they could be for material ordered and purchased by the Police Jurors in some other ward rather than the defendant Ward 5. However, the mere fact that the money was paid to the partnership of which defendant was admit *475 tedly a member at the time constitutes a prima facie case under the law heretofore quoted, and the defendant has offered no explanation other than for all checks in payment of materials purchased in' his ward after March 1952, after which date he testified that he was no longer a partner.
We find in the record the following which constitute prima facie evidence against the defendant: photostat No. 10498, supra, dated May 9, 1951, payable to the order of W. W. Fornea, endorsed “W. W. Fornea” in handwriting most similar to the defendant’s, “For Deposit — Fornea Brothers;”, photostat No. 10566, supra, dated May 9, 1951, payable to the order of Fornea Brothers, endorsed “For Deposit Fornea Brothers”; photostat No. 11848, supra, dated September 12, 1951 payable to Fornea Brothers.; photostat No. 11862, supra, of date Sept. 12, 1951, payable to Fornea Brothers; photostat No. 12172, supra, of date October 10, 1951, payable to the order of W. W. Fornea, endorsed “W. W. For-nea, For Deposit, Fornea Brothers”; photostat No. 12181, supra, dated October 19, 1951 to the order of Fornea Brothers; photostat No. 12184, supra, dated October 10, 1951 the order of Fornea Brothers; No. 12778 dated January 9, 1952, to the order of Fornea Brothers; No. 12905, supra, dated January 9, 1952 payable to the order of Fornea Brothers and endorsed ■“For Deposit — Fornea Brothers by W. W. Fornea”; No. 13428, supra, dated Feb. 13, 1952 to the order of W. W. Fornea, endorsed “W. W. Fornea, For Deposit, Fornea Brothers.”; photostat No. 13429, supra, dated Feb. 13, 1952 to the order of W. W. Fornea, endorsed “W. W. Fornea, For Deposit, Fornea Brothers;” photostat No. 13435 of date Feb. 13, 1952 payable to the order of R. H. Fornea Lumber Co., endorsed “R. H. Fornea Lumber Co. by R. H. Fornea, owner, For Deposit, R. H. Fornea.” This last check is completely unexplained in the testimony and is to another Fornea lumber company and, of course, it can not be used without further evidence against the defendant, however, all checks and photostats of checks previously identified and discussed payable to Fornea Brothers or W. W. Fornea during the- year 1951 and up to March 31, 1952 under the testimony of the defendant himself were payable to a partnership, or are shown by the endorsement to have been, in fact, for Fornea Brothers and constituted in most instances full proof of relator’s petition, and in those cases where the material was purchased for another ward constituted prima facie proof of the charges set forth in relator’s petition and in themselves would entitle relator to a judgment as prayed for. The verdict of the jury and the judgment of the court in accordance therewith would be manifestly erroneous even if the proof were limited to funds received during 1951 up until April 1, 1952 by Fornea Brothers and which have previously been discussed in detail.
There is further proof in this record which will now be considered. Mr. Daniel, manager of the Angie branch bank, testified that he was intimately acquainted with all the Fornea brothers who are either seven or nine in number, and that he had in his bank an account of “Fornea Brothers”; that, defendant and his brother, W. W. (Weldon) Fornea, were the ones who could write checks on this account.
' It will be noted that there are also checks, supra, payable to the order of Fornea Sand and Gravel Company, but Mr. Daniel testified that he had no such account although he had noticed checks payable to this partnership or company.
Mr. Daniel was shown check No. 16772, supra, dated Feb. 11, 1953, payable to Fornea ■ Sand and Gravel Company, en■dorsed “Fornea Sand and Gravel Company, by J. N. ’ Fornea (Partner) Louis Fornea,” and he stated that Louis Fornea, defendant herein, had endorsed that check and received the money. Also- presented to Mr. Daniel was check No. 17241 payable to Fornea Sand and Gravel Company of date March 11, 1953 for $350.00, endorsed “Fornea Sand and Gravel by T. P. Fornea (Partner) L. Fornea, the latter being the defendant, and Mr. Daniel stated that this check was endorsed by defendant *476 and the defendant received-the money for same. These two checks totalled - $650.00 and it is shown on the hack of check No. 16772. that it was for hauling -clay gravel in Ward 5, and the check was signed by “Alcus Fornea, President” together with the Treasurer of the parish. No. 17241 shows on its back that- it is. for hauling gravel in Ward, signed by- “Alcus Fornea, President’'.[1] It will be noted that none of the checks listed,- supra, were endorsed “Alcus- Fornea” but were endorsed “Louis” or- “L” Fornea. This remains unexplained by defendant. '
The' following' numbered checks were tendered to Mr. Daniel and he testified that the defendant had endorsed same: No. 17986, supra; -No.- 18787, supra, made payable to Fornea Sand and Gravel Company, and reference1 to the endorsment will show “Fornea Sand and Grávél Co., by T. P. Fornea,” 'atad under the láttér’s name is written the word “Partner” and -the- endorsement, “L. Fornea.” Mr. Daniel testified with regard to this check that the endorsement “T. P. Fornea” was not in the latter’s handwriting,' however the endorsement “L. Fornea” was made by the defendant arid Mr.- Daniel testified that defendant received the money for the check, yet, in the face of all this evidence and in an attempt to prove that he was not a partner in the Fornea Sand and Gravel Company, defendant testified that his brother, Tom Paul Fornea, was the complete owner of the gravel company. Tom Paul Fornea testified that Fornea Sand and Gravel. Company -was a partnership composed of himself and another brother, J. E. Fornea; Check No. 17986 dated June 10, 1953 payable .to Fornea Brothers, endorsed “Fornea-Brothers” .by “W. W. For-nea — L. Fornea, For Deposit, Fornea Nash Motors.” Upon being tendered this check Mr. Daniel testified that the endorsement was made by the defendant and that his motor company, owned by defendant and his' wife, received the money upon deposit of the check. This check was for bridge lumber in Ward 5, arid the bill was in account with Fornea Brothers.
Let -us also examine check No. . 18531, supra, dated August 29, 1953, payable to the order, of Fornea Sand .and >Gravel Company, for- $298.00, endorsed-“Fornea Sand and Gravel Co. by Tom Fornea, Partner” and' under this endorsement, “L. Fornea.” Mr. Daniel testified that the defendant received the money for this check. We also have -Check No. 18787, supra, payable to Fornea Sand and Gravel -Company in the sum of $195.00, October 14, 1953, endorsed “Fornea Sand and Gravel Company by T. P. Fornea, Partner” and underneath, “L. Fornea.” Defendant received, the money.
There were a total of seven checks totalling $1703.00 payable to Fornea Sand and Gravel Company, endorsed by the defendant and for which he' received the money. The only explanation offered is that he loaned his brother, Tom Paul Fornea, $2300.00' or $2400.00 to start the gravel company. Tom Paul Fornea’s testimony showed an advance of $300.00. This company maintained no bank' account, and on the proof in the record relator has shown that the defendant endorsed these checks,, received every bit of the money, and under the “Ward system” he was solely responsible for the order and purchase of this,'material which was used in his ward. In addition, the money received by him from orders and purchases made by him for his ward prior to March 1952 from Fornea Brothers, Fornea Lumber Company or W. W. Fornea, all of'which are shown by the evidence to be, in fact, the partnership ,of Fornea Brothers, was conclusive proof of the necessary facts alleged in relator’s petition and required by the law, supra, for a judgment in favor of relator as prayed for.
Without detailing any further, with regard to the remainder of the' original checks which 'were offered in evidence and have been listed héretofore totalling forty-one in -number, Mr. Daniel’.s -testimony with regard to each of these checks was that in every -instance except one the defendant received the-money. Proof of indebtedness and repayment by the brothers *477 to the defendant through these checks falls far-short of being satisfactory. Counsel for relator had the checks totalled by .the Secretary of the Washington Parish Police Jury, Mrs. O’Dell, which Mr. Daniels identified and stated were endorsed by the defendant and from which the latter received the money, rather than W. Wl Fornea, Fornea Brothers, Fornea Lumber Co., or Fornea Sand and Gravel Company to. whom they were made payable, and the total sum was $10,981.77.
Furthermore,- we .-have 'the following checks totalling $1115.89 for which the money was received by the defendant and deposited to the credit of his motor company : Check No. 17983, dated June 10, 1953, for $349.92 payable to Fornea Lumber Co., and completely endorsed by the defendant “For Deposit, Fornea Nash Motors”; No. 17984 dated June 10, 1953, payable to Fornea Sand and Gravel Company,- endorsed by the defendant, in the amount of $170:00, ' ‘‘For Deposit, Fornea Nash Motors;” No. 17985, dated June 10, 1953, for $280.75, payable to Fornea Lumber Company, endorsed by the defendant “For Deposit, Fornea Nash Motors”; No. 17986, dated June 10, 1953 for $315.72 payable to Fornea Brothers and endorsed by the defendant “For Deposit — Fornea Nash Motors.” These checks were for purchases in defendant’s ward and he, therefore, is entirely responsible and had complete authority to purchase or not purchase and he chose to purchase from those partnerships in which the record shows he was at least a partner therein if not the complete owner.
■ The fact that testimony was offered to the effect that the' parish received the materials and labor which were paid for by the checks and photostatic copies of checks introduced in this record is beside the point. The law prohibits a member of a Police Jury from using his power or position as such to secure any expenditure of public funds to himself, or to any partnership of which he is a member, and the fact that an expenditure has been made to any police juror or to any partnership of which he is a member “shall be presumptive .evidence that such person has used his power, position or influence to secure such expenditure.”
'In any. parish which follows the so-called “Ward system”, specifically declared illegal by the Supreme -Court, the individual police juror has sole authority in such position in his ward to purchase from whom he pleases and to spend the funds illegally allocated him under the system as he pleases, and he uses his power and position each time he makes a purchase of materials for his ward. This alone would not subject him to the provisions of LSA-R.S. 14:140, but when he, in addition, orders and purchases from a partnership under which he is a member and thereby secures the expenditure of public . funds to himself, he has, done that which is prohibited under LSA-R.S. 14:140 and the Constitution, supra, and is subject to removal.
Able counsel for defendant argues that the jurors were all honest, influential, intelligent . and reputable citizens of Washington Parish, heard these proceedings and rendered their verdict in favor of defendant, and unless manifest error is shown, the appellate court must affirm the verdict of the jury'or the judgment of the lower court, as the case may be. He cited Broussard v. Janin, La.App., 62 So.2d 197; Craton v. Inabnett, La.App., 62 So.2d 129; Debona v. Sanson, La.App., 69 So.2d 590, and Norman v. State, La.App., 69 So.2d 120.
 The argument and' law cited' by counsel are correct, but there are many cases' in which the appellate courts of this State have' found that the verdict of the jury or the judgment of the lower court was manifestly erroneous and they have reversed same because it is their duty under the law to do' so. In reversing the verdict of a jury or a judgment of a lower court, appellate courts are not ipso' facto casting any aspersions upon the honesty and integrity of the jury or judge. The evidence in' this case overwhelmingly satisfies the requirements of law so as to entitle relator to the relief sought.
*478 In our opinion the verdict of the jury is manifestly erroneous.
It is therefore ordered, adjudged and decreed that there be judgment in favor of relator and against the defendant, Alcus Louis Fornea, removing said Alcus Louis Fornea from office as Police Juror of the Fifth Ward, Washington Parish, Louisiana.
It is further ordered, adjudged and decreed that the defendant pay all costs of court. :
Judgment reversed.-

. The banker identifying bank deposits, etc., on behalf of plaintiff admitted on cross-examination that the Fornea brothers interchangeably made the deposits for one another, had authority to endorse and cash checks made out to their brothers, etc.