PONDER, Justice.
We granted writs in these consolidated cases to review the rulings of the district judge wherein he held that the defendants had lost their appeal to the Court of Appeal, Second Circuit, by their failure to pay a $5 filing fee to the clerk of the Court of Appeal.
The plaintiffs in these suits sought an injunction to prohibit the defendants, employees of the Division of the State Police, from disposing of certain horses belonging to the plaintiffs which were seized under the provisions of Act 12 of the Second Extra Session of the General Assembly for the year, 1950. The lower court granted temporary restraining orders and issued rules on the defendants to show cause why a preliminary injunction should not issue. Prior to the hearing of the rules, the plaintiffs interposed pleas attacking the constitutionality of Act 12 of the Second Extra Session of 1950. On the day the rules were set for hearing, the lower court sustained the pleas and issued preliminary injunctions. The defendants were granted orders for suspensive appeals to the Court of Appeal, Second Circuit. When the transcripts were presented to the clerk of the Court of Appeal, the clerk refused to file. the transcripts on the ground that the, filing fees had not been paid. The, defendants had not paid the filing fees because they took the position that, being public officials- of the state, they were exempt from paying'such costs finder the law. Thereafter, on-motion of the plaintiffs, the district judge ’ set the cases for trial on the- merits, where *601 upon the defendants excepted to the jurisdiction of the district court based on the ground that it had lost jurisdiction by virtue of the pending suspensive appeals. The district judge refused to proceed with the case because the appeals were pending before the Court of Appeal. The district judge reassigned the cases so that it could be determined whether the appeals were properly before the Court of Appeal. Thereafter, the clerk of the Court of Appeal returned the transcripts to the clerk of the district court with a certificate that the transcripts had not been filed in the Court of Appeal. A letter, written by the clerk of the Court of Appeal, accompanied’ this certificate stating the transcripts had not been filed because the defendants had not paid the filing fees. When the matter was called for hearing, the district judge ruled that the appeals had been lost by the failure of the defendants to deposit the filing fees and ordered the cases to be tried bn the merits. The defendants applied to this Court for writs and the ruling of the trial judge is now submitted for review.
The relators contend that the district judge lost jurisdiction of the cases at the time the suspensive appeals were perfected and that the clerk of the Court of Appeal, being merely a ministerial officer, was without authority to return the transcripts without the matter being presented to the Court of Appeal as to whether or not the filing fees were due by the relators under the law.
It is the settled rule of law that once an appeal is perfected the trial court loses its jurisdiction of the case and can proceed no further in the matter. New’ Orleans Silica Brick Co. v. John Thatcher & Son, 152 La. 649, 94 So. 148; State ex rel. Kennington v. Red River Parish School Board, 196 La. 291, 199 So. 123; Mistich v. Holman, 205 La. 171, 17 So.2d 23; Wainwright v. Wainwright, 221 La. 787, 60 So.2d 410.
The relators have complied with the law in perfecting their appeals" án’d the only dispute arising from this controversy is" what court has jurisdiction to pass upon" whether or not the relators must pay the-filing fees.
The clerk of the Court of Appeal is an administfative officer and is without authority to pass on this question. The Court of Appeal alone has the authority to decide this issue upon it being properly presented by motion’to dismiss the appeal.
The respondents rely on the language used in the case of Danna v. Yazoo & M. V. R. Co., La.App., 154 So. 365, to the effect that under the authority of Article 7, Section 28 of the Constitution of Louisiana, LSA, Rule 3 of the Court of Appeal was adopted, prohibiting the clerk "from’ filing á transcript until the filing ’fee'-’is' paid. In the Danna case a motion to'Üis-' miss was presented and the Court of Appeal passed on the question before it dismissed the appeal. The Court of Appeal *603 did-not hold that the failure to deposit the filing fee would result in the automatic dismissal of the appeal and that court dismissed the appeal only after the motion to dismiss had been heard by that court.
The relators are entitled to have the question properly passed on by the Court of Appeal as to whether or not they are required, under the law, to pay a filing fee. The district judge is without jurisdiction to pass on this question under the circumstances here presented.
For the reasons assigned, the writs are made peremptory and the district judge is prohibited from proceeding further in the cases. All legal costs to await the final disposition of the cases.