GLADNEY, Judge.
The defendants applied for and were granted an order of suspensive appeal from a judgment rendered by the Second Judicial District Court making absolute a rule nisi enjoining them “and anyone acting under or through or in consort with them or either of them, from taking advantage of their possession of the plaintiff’s * * * mule * * * to sell or dispose of said mule.” The order of appeal was made returnable to this court on January 31, 1955. The appellants filed bond and properly perfected their appeal, but failed to deposit the five dollars fee required by Rule 3 of this court. When it became evident that appellants had no intention of making the deposit, the Clerk of this court returned the record to the trial court. After the Supreme Court, acting on writs applied for by the defendants, held the trial court to be divested of jurisdiction, 228 La. 598, 83 So. 2d 641, the appellee filed the record in this court with the requisite filing fee and has filed a motion to dismiss the appeal as not having been timely filed.
The issue to be resolved is whether the appeal should be dismissed on the motion presented by plaintiff. Had appellants complied with the rules of this court and deposited on or before the return date of the appeal the requisite filing fee the sufficiency of the appeal could not be validly questioned. We infer from briefs filed in their behalf that defendants failed to deposit the fee for the reason that their conduct and actions involved in this suit were in the performance of their duties as public officials of the State, of whom such costs may not be required, such exemption being provided by LSA-R.S. 13:4521, which provides :
“Except as hereinafter provided, neither the state, nor any parish, municipality, or other political subdivision, public 'board or commission, shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state or any such parish, municipality or other political subdivision, board or commission. This Section shall have no application to stenographers’ costs for taking testimony.”
The Constitution o-f Louisiana, Article VII, § 28, LSA, provides the cost of appeal in any case appealed to this court shall not exceed $5.00. LSA-R.S. 13:356 authorizes the deposit of $5.00 so paid to be apportioned and disbursed by t}ie clerk as directed and prescribed by the judges. Predicated upon the foregoing authority, this court adopted and promulgated in its rules Rule No. 3, which prohibits the filing by the clerk of any case until a deposit of $5.00 has been made. Except in instances where the appellant is favored by statute with an exemption from the payment of such costs, the clerk is accordingly prohibited from filing the record without the payment of the filing fee. Where an appellant has deliberately refused or failed to pay the filing fee required by the Constitution and statutes of this state and the rules of this court, the appeal must be dismissed. Danna v. Yazoo & M. V. R. Co., La.App., 154 So. 365; Varnell v. Babin, La.App., 13 So.2d 495; Johnson v. Louisville Fire & Marine Ins. Co., La.App., 49 So.2d 462; Automobile Ins. Co. of Hartford, Conn. v. Dykes, La. App., 50 So.2d 643.
The petition seeks to hold defendants individually liable only. They were cited as *219 individuals, enjoined as such, and their appeal bond was executed in their individual capacities. Their employer, Division of State Police, is not sought to be held and is not a party defendant. Plaintiffs’ cause of action is founded upon Article 2315 of our LSA-Civil Code, which provides that: “Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it”, whereas the defense appears to rest primarily upon the contention that each of the defendants was acting in response to his duty as a public officer and therefore is exempt from liability for any act of negligence which he is alleged to have committed.
It must be recognized, of course, that there is no personal liability on the individual acting strictly pursuant to his public duties when that act is in good faith and without malice, for in such instances the action of the individual becomes merged in the official act. See: Monnier v. Godbold, 1906, 116 La. 165, 40 So. 604, 5 L.R.A.,N.S., 463; Tucker v. Edwards, 1948, 214 La. 560, 38 So.2d 241. Strahan v. Fussell, 1951, 218 La. 682, 50 So.2d 805. On the other hand when the defendant acts outside of his strict authority he breaches the condition of his immunity and is liable to a civil action for damages to persons harmed by his improper conduct. Harper on Torts, sec. 298, p. 668 ; 2 Shearman and Redfield on Negligence (Rev’d. Ed.), sec. 323, p. 792; 2 Elliott on Roads and Streets (4th Ed.), sec. 858, p. 1120; see also David, The Tort Liability of Public Officers, 12 So.Cal.L. Rev. 127, 151; Thibodaux v. Town of Thibodaux, 46 La.Ann. 1528, 16 So. 450; LeCourt v. Gaster, 50 La.Ann. 521, 23 So. 463; Tucker v. Edwards, supra; Anders v. McConnell, La.App., 31 So.2d 237; Strahan v. Fussell, 1951, supra.
The record is convincing that under the pleadings, any judgment which plaintiffs may be entitled to can affect their individual capacity only, and in consequence thereof there is no basis for recognizing the exemption from the payment of costs as claimed by the defendants.
The motion to dismiss is therefore sustained, the appeal is dismissed, and the record ordered returned to the District Court for further proceedings, the costs incurred upon this appeal to await the final termination of the case.