340 So.2d 1022 (1976)
Roy Rainer WELLS, Plaintiff-Appellant,
v.
ST. TAMMANY PARISH SCHOOL BOARD et al., Defendants-Appellees.
No. 11052.
Court of Appeal of Louisiana, First Circuit.
December 20, 1976.
*1023 James R. Strain, Jr., Slidell, for plaintiff-appellant.
C. T. Williams, Jr., New Orleans, for defendants St. Tammany Parish School Bd. and The American Ins. Co., appellee.
James J. Whittenburg, Slidell, for Rowland Crawford and R. C. Brooks, appellees.
Richard A. Machen, Slidell, for Richard Narcisse, Individually and as Administrator of the Estates of his minor children, Gerald Narcisse and Lester Narcisse, appellee.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
This is an appeal of a summary judgment dismissing the suit of Roy Rainer Wells, plaintiff-appellant, as to the individual members of the St. Tammany Parish School Board, defendants-appellees.
On March 16, 1973, while employed as a teacher by the St. Tammany Parish School Board (Board), the appellant was injured while assisting a bus driver in handling a student who was causing a disciplinary problem. To recover for his injuries the appellant brought this tort action. The appellant in his petition named the Board as one of the defendants. The Board on May 28, 1974, filed an exception of no cause of action and no right of action and, alternatively, a motion for summary judgment contending that under La.R.S. 23:1032 the appellant's sole remedy as to the Board was provided by the Workmen's Compensation Act. The District Court on September 30, 1974, rendered judgment in favor of the Board dismissing appellant's suit as to tort damages and reserving appellant's right to workmen's compensation.
On May 16, 1975, the appellant filed a supplemental and amending petition naming the appellees, the individual members of the St. Tammany Parish School Board, as defendants and alleging negligent conduct on their part which contributed to the appellant's injury. The negligent conduct alleged by the appellant was that:
"A. These defendants took an active part in the business of the school board, knew of their duty, and breached said duty to establish a procedure to adequately select substitute bus drivers that meet the standards established by the State Department of Education of Louisiana;
"B. By failing to screen substitute bus driver applications and allow persons qualified to handle and discipline children, and to act as substitute bus drivers;
"C. Failure to approve the hiring of a substitute bus driver by Rowland Crawford;
"D. Failure to instruct substitute bus drivers in the manner and procedure of disciplining children;
"E. Failure to instruct substitute bus drivers on what to do in an emergency situation;
"F. Failing to have a procedure where by substitute bus drivers are notified as to safety meetings;
"G. Failing to invite substitute bus drivers to safety meetings where instructions were given as to safety and discipline procedures to be used in the above mentioned situation;
"H. Failure to establish a procedure where by school board correspondence on school bus safety and discipline can be disciminated (sic) to substitute bus drivers in order to assist them in the performance of their duties;

*1024 "I. In failing to properly and adequately staff the late yard duty position;
"J. The St. Tammany Parish School Board owed the plaintiff the duty to provide a safe environment in which to work along with the above mentioned duties. These duties were delegated to the above listed executive officer defendants;
"K. Because of the breach of the above mentioned personal duties of each of the executive officer defendants, the plaintiff received the damages complained of."
The appellees on December 10,1975, filed a motion for summary judgment contending that the appellant's sole remedy against them was under the provisions of the Workmen's Compensation Act. The District Court on March 12, 1976, rendered judgment in favor of the individual members of the Board and dismissed appellant's suit against them. It is this judgment which has been appealed.
It is the contention of the appellees that Louisiana law and jurisprudence, while allowing certain third-party actions by employees against the officers and directors of the employing corporation, does not allow third-party actions by employees against unincorporated groups of individuals, such as School Boards, who are the employers of the employee.
Under R.S. 23:1101-1103 an injured employee has the right to recover damages for his injuries where the injuries are caused by a third party. A parish school board is a legal entity separate from its individual members. R.S. 17:51, R.S. 17:81, R.S. 17:87.6. Therefore, the individual members of a school board are third persons within the meaning of R.S. 23:1101 and may be sued in tort where their personal negligence results in the injury of a person employed by the school board.
It is the individual member's personal liability for his own fault which gives rise to an obligation to repair the injury caused. The negligent conduct alleged by the appellant is not the conduct of an individual member, but rather it is the conduct of the members acting as a School Board. There is no personal liability on the individual members of a public body, who are public officers, for the neglect of duty of that body when they act in good faith and without malice, as the official action of the individual members becomes merged in the official actions of the body itself as an entity. Strahan v. Fussell, 218 La. 682, 50 So.2d 805 (1951). The appellant has failed to state a cause of action as to the individual members of the St. Tammany Parish School Board.
A motion for summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." Art. 966, La.Code of Civil Procedure. A motion for summary judgment is not a substitute for an exception of no cause of action. Sinclair Oil & Gas Company v. Delacroix Corporation, La.App., 235 So.2d 187 (4th Cir., 1970). By virtue of the hereinbefore mentioned statutes and jurisprudence, the appellees are not entitled to a summary judgment as a matter of law. Therefore, a summary judgment is not appropriate in this case.
The failure of the plaintiff to state a cause of action may be noticed by this Court on its own motion. La.Code of Civil Procedure Art. 927. When the grounds of the objection may be removed by amendment of the petition, the Court shall order such amendment within a delay to be set by the Court. If the plaintiff fails to amend within the time allowed, the action shall be dismissed. La.Code of Civil Procedure Art. 934.
For the above reasons, the judgment of the District Court is reversed and the case remanded for the fixing of a delay in which the appellant may amend his petition to state a cause of action. Cost of this appeal to be paid by the appellant, all other costs to await the final disposition of the case.
*1025 REVERSED, RENDERED AND REMANDED.