LAND, J.
This is a suit against the police jury of the parish of Calcasieu and B. E. Miller, a member of said body, for damages alleged to have been occasioned to plaintiff and his minor son by the giving way of a public .bridge over Little river.
The petition alleges that a special road tax of three mills on the dollar had been levied and collected on all the property in Ward Eight of said parish, and the proceeds thereof placed at the disposal of the said Miller as police member.
The petition charges that said defendant Miller willfully neglected and failed, for personal and political reasons, to keep the said bridge in good condition for travel, making only temporary and makeshift repairs at long intervals.
Petitioner alleges that in July, 1905, while his minor son was carefully driving an ox wagon across said bridge, it suddenly gave way and precipitated the oxen, wagon, and •boy into the river, to the damage and injury of petitioner’s son and property, and also to petitioner, who at great risk of his life jumped into the river to save his property and rescue his boy.
The petitioner further charges that said bridge was defective, old, and insufficient, to the knowledge of defendants, but that petitioner had no knowledge of its dangerous condition.
Petitioner alleges damage to his property in the sum of $175 and to himself and minor child in the sum of $1,000 each. He also claims $50 for inconvenience occasioned by unnecessary delay in the reconstruction of the bridge.
The suit was dismissed on an exception of no cause of action, and the plaintiff has appealed.
*642 In King v. Police Jury of St. Landry, 12 La. Ann. 858, this court held, in a -well-considered opinion, that no remedy is given by statute against a parish for a private injury caused by the absence of bridges or a neglect to keep them in repair.
The court said that the subject-matter was confided by statute to the uncontrolled discretion of the police jury, and that the repair of public roads and bridges, so far as regulated by general law, was intrusted to the management of overseers of roads, with certain directions and under certain penalties.
In conclusion the court said:
“The question of the liability of municipal corporations for the injurious acts of their agents done in the proper scope of their employment is quite different.”
In Sherman v. Parish of Vermillion, 51 La. Ann. 880, 25 South, 538, this court held that parishes are not responsible for damages caused by the negligence of police juries in matters in which they have discretion; the reason given being that they represent the state, and not the taxpayers, by whom the damages, if allowed, must be paid.
The two eases above cited are in accord with the great weight of authority in other jurisdictions to the effect that “counties, being subdivisions of the state and instrumentalities-of government exercising authority given by the state, are no more liable for the acts or omissions of their officers than the state itself.”
Some courts hold that counties are liable under the common law, where they are charged with a specific duty and provided with the means of enforcing- it, for a negligent breach of duty, “but the very decided weight of authority is that there is no liability unless it is created by statute.” Elliott, Road and Streets (2d Ed.) § 53.
But the statutes of Louisiana impose no specific duties on police juries' relative to public roads and bridges, but leave the whole matter to their untrammeled discretion.
Article 2&1 of the Constitution of 18!)8 provides that police juries may form their respective parishes into road districts, and may levy certain general taxes for the purpose of constructing, maintaining, and repairing public roads and bridges, and may for the same purpose levy special taxes on the property of the parish or any ward thereof, when authorized by a vote of the majority of the tax payers.
How special taxes levied in a ward shall be expended rests with the police jury, whose discretion in the matter cannot be controlled by the court or the taxpayers.
The allegations of the petition do not show that the funds derived from the special tax were sufficient to put all the roads and bridges in the fourth ward in good condition. Hence the case does not fall even within the rule adopted by a minority of the courts as-above stated.
We find no difficulty in reaching the eon. elusion that the petition discloses no cause of action against the parish, which is sued through the police jury.
The petition alleges that the funds derived from the special tax were placed at the disposal of B. E. Miller, who was for three years police juror and acting supervisor o£ roads and bridges for the ward, and that said Miller willfully neglected the road and bridge in said ward and failed to keep the-same in good condition for travel, excepting temporary and makeshift repairs at long-intervals, made under his supervision, “fox-his personal benefit and political reasons.”
The- amount of funds placed at the disposal of the defendant Miller is not stated, nor is it alleged that they were sufficient to keep-the road and bridge in good condition. Non constat that, when the defective condition of the bridge became known to the defendant, he had sufficient money on hand or under his control to properly repair the structure.
*644 The allegation that the defendant “willfully neglected” to repair the bridge is but an inference or conclusion of the pleader. A charge of negligence must stand or fall on the facts alleged in the petition.
The defendant was a police juror, and therefore could not have been a regular road overseer or. supervisor appointed by the body. He therefore must have voluntarily acted as a supervisor in the supposed interest of the people of his ward. It was a thankless task at best, and if he was not furnished with sufficient funds to keep the roads and bridges in the ward in good condition there is no ground of liability in law or equity under any theory that may be adopted.
Courts in other jurisdictions are very much divided on the question of the liability of highway officers to persons injured by the defective condition of the roads and bridges.
Some courts, and perhaps the majority, hold that in such cases the duty of the officer is to the public, and there is therefore no liability to individuals.
Other courts maintain the liability of the officer to individuals specially injured when he had requisite funds on hand or under control to make the necessary repairs. Cooley on Torts (2d Ed.) pp. 468-470.
The necessities of this case do not require us to elect between the two conflicting theories.
Judgment affirmed.