No. 2890

Second Circuit

BARBEE v. ROAD DISTRICT No. 1, CLAIBORNE PARISH, LA.

(November 7, 1930. Opinion and Decree.)

Lee & Lindsey, of Minden, attorneys for plaintiff, appellant.

W. D. Goff, District Attorney of Arcadia, attorney for defendant, appellee.

WEBB, J. In this action plaintiff seeks to obtain judgment against the police jury of Claiborne parish for personal injuries and property damage alleged to have been sustained by him while traveling on one of the public highways in Claiborne parish.

Plaintiff alleged that defendant, or its agents, in repairing the highway, made an excavation in the roadway which was left open and unguarded and without any signal light or warning of danger throughout the night of December 3, 1925, and that plaintiff, while driving along the roadway during the night of December 3, 1925, drove his automobile into the excavation, causing him to sustain serious personal injuries and damaging the machine, that plaintiff was without fault, and that the accident was due solely to the fault of defendant; and he prayed for judgment against defendant in damages for the amounts alleged to have been sustained.

Defendant excepted that the petition failed to state a cause or right of action, which was sustained, and plaintiff's suit dismissed at his cost, from which judgment plaintiff appeals.

Appellant does not contend that defendant police jury would be liable for damages which might result from acts of nonfeasance, such as failure to maintain the parish bridges and roads in repair (King v. Police Jury, 12 La. Ann. 858; Bankins v. Police Jury, 116 La. 639, 40 So. 925; Gaudet v. Parish of Lafourche, 146 La. 363, 83 So. 653), but he urges that the police jury is liable for damages resulting from acts of misfeasance, as when it undertakes to repair a road and in the course of the work leaves the road in a dangerous condition and fails to take precaution to protect those who may use the highway.

We do not think that such distinction can be made in this state, but that in either case the police jury cannot be held liable in the absence of an express statute; as in constructing, maintaining, and repairing roads the police jury acts under the

governmental authority delegated to it by the state.

It is not suggested that there is any statute imposing liability on the police jury, and we are of the opinion that the judgment appealed from is correct, and it is affirmed.