Plaintiff appeals from a judgment dismissing his suit on an exception of no cause or right of action.
On March 9, 1949, and for eight years prior thereto, defendant, Fussell, was a member of the Police Jury of Washington Parish, from Ward Six. On March 9, 1949, plaintiff was traveling in his automobile on a public road within Ward Six and when attempting to cross a small slough, crossing the road, via a small bridge, which bridge was old, decrepit and in great need of repairs, the wheels of his automobile dropped into a large hole, the automobile caught fire and burned, completely destroying the automobile.
Plaintiff seeks to hold the defendant personally liable for the loss of his automobile, which he values at the sum of $1,400, upon the following allegations:
"That the said small bridge, which petitioner attempted to cross, was old, decrepit and dangerous in its entirety; that on the particular part of the said bridge which petitioner's automobile wheel fell through a large hole, sufficiently large to admit several ordinary automobile, wheels, had at some time in the past, which time petitioner believes, and so avers, to have been approximately two years, developed and that said hole had been carelessly and negligently repaired in that instead of re-planking the section of the bridge where the hole was, a runway of planks running with the long length of the bridge, was built over the hole; that such repair constituted negligence in the first instance, and the continued *Page 130 
failure of the controlling authority of that section (Ward Six) of Washington Parish to furnish proper repairs, or even to keep the original careless, negligent and insufficient repairs in a satisfactory condition, constitutes gross negligence and a hazard that was the proximate cause of the accident which resulted in the destruction of petitioner's automobile.
"That the bridge on which the said accident occurred is located in the Sixth Ward of Washington Parish; that the controlling authority referred to in the preceding article is the Police Juror for the Sixth Ward, Arnold W. Fussell; that the said Arnold W. Fussell is vested with the legal authority to institute repairs of the nature required by the instant bridge on his own initiative and without consulting anyone; that it has been the practice of the Police Jury of Washington Parish, Louisiana for many years to allocate to the various Police Jurors the necessary funds to build and maintain the roads and bridges in their respective areas, said funds to be expended entirely in their discretion; that the said Arnold W. Fussell had been allocated such funds and had a more than ample sum on hand to effect the repairs needed on said bridge and on all roads, bridges, etc. located within the Sixth Ward of Washington Parish, Louisiana, and to keep all properties, whatever kind or nature, of the Washington Parish Police Jury in said Ward Six in excellent condition and repair.
"That the said Arnold W. Fussell has for many years followed the practice of directing the expenditure of the funds allocated to him for the roads and bridges in Ward Six; that he has at all times assumed active supervisory authority over the actual work being performed on the roads and bridges of Ward Six; that the road and bridge in question in this suit are Parish responsibilities and are supposed to be properly maintained by the Parish, and, consequently, are encompassed within the duties and responsibilities of Arnold W. Fussell.
"That said Arnold W. Fussell knew of the generally old, decrepit and dangerous condition of the said bridge; that said Arnold W. Fussell, to the best knowledge and belief of petitioner, caused the careless, negligent repair of the hole in said bridge and supervised same; that Arnold W. Fussell should have known that said repairs were extremely temporary in nature at best and would have to be watched carefully to prevent an extremely dangerous condition from developing; that said Arnold W. Fussell neglected his duties and responsibilities and allowed said temporary repairs to deteriorate until they constituted an extremely dangerous hazard; that said neglect of his duties and responsibilities constituted gross negligence on the part of the said Arnold W. Fussell that was the proximate cause of the accident wherein petitioner's car was destroyed and petitioner damaged in the sum of One Thousand Four Hundred and No/100 ($1400.00) Dollars."
In short, the question presented is whether defendant, as a member of the Police Jury of the Parish of Washington, representing Ward Six, can be held personally responsible in tort under the facts as disclosed by the petition?
Under Revised Statutes, Section 2743, as amended, the police juries throughout the State have the power to make all such regulations as they may deem expedient: As to proportion and direction, the making and repairing of the roads and bridges in the respective parishes. This power is not delegated to the member or members of the several wards constituting the Police Jury. The right and the duty of repairing the particular bridge involved in this suit are and were the responsibility of the Police Jury of Washington Parish as a corporate body, and not the individual responsibility of the separate members who compose the body. There is no statute in our State which places any responsibility on the individual member or members composing the Police Jury to keep in repair the roads and bridges within the Ward or Wards from which he is or they are elected and represent.
In the case of Monnier v. Godbold et al., 116 La. 165, 166, 40 So. 604, 5 L.R.A., N.S., 463, 7 Ann.Cas. 768, a case wherein the plaintiff was seeking damages against defendants, as members of the State Board *Page 131 
of Pharmacy, by reason of their refusal to register him as a pharmacist under the act creating the said board, it was held (Syllabus by the Court): "A public officer, who is a member of a corporate body upon which a duty rests, cannot be held liable for the neglect of duty of that body. If there be refusal to exercise the power of such body, it is the refusal of the body, and not of the individuals composing it. The official action of its different members is merged into the official action of the board itself as an entity."
Following this decision, and the reasons given in the body of the decision, we would be amply justified in holding that since it was not the legal responsibility of defendant to make the repairs necessary in the upkeep of the bridge in question, he could not be held responsible in damages to plaintiff and stop there. But plaintiff, in his brief, relies on the case of Bankins v. Police Jury of Calcasieu Parish et al., 116 La. 639, 40 So. 925, a later case than the Monnier case supra, wherein our Supreme Court, (syllabus by the Court), stated: "If a highway officer be responsible for a private injury caused by his failure to repair a defective bridge, it is only in cases where he had requisite funds in hand or under control to make the repairs" and other cases from other jurisdictions.
In 9 C. J. page 469 (Section 69-b), we find: "According to the weight of authority, the officers charged with the duty of the maintenance and the repair of bridges are not personally liable for damages for injuries sustained by an individual by reason of their negligent failure to perform their duty in this regard, in the absence of some statute specifically imposing this liability (whether or not he has the necessary funds to make the repairs or the means to procure them — our insertion); * * *. The rule stated in the first paragraph of the text, however, has not received universal acceptance. It has been held that, where officers have the requisite funds in hand or under their control, they are bound to repair bridges which are out of repair, and to repair them with reasonable and ordinary care and diligence; and that if they omit the duty they are liable to individuals who sustain damage from such neglect. And it has been held that this liability to an individual suit for negligent failure to repair a bridge exists whether the duty to repair was imposed by statute, by arrangement with other officers, or because they had assumed and entered on the duty."
The rule stated in the first paragraph supra is restated in 11 C.J.S., Bridges, § 62, page 1100, as follows: "According to one view, the officers charged with the duty of the maintenance and the repair of bridges are not personally liable for damages for injuries sustained by an individual by reason of their negligent failure to perform their duty in this regard, in the absence of some statute specifically imposing this liability, and cannot be held personally responsible to an individual injured by their breach of an administrative duty, their dereliction in respect of the maintenance or repair of bridges being regarded as a breach of a public duty (or trust) for which no redress can be had by an individual claimant, and which must be redressed if at all, in some sort of a public prosecution. * * *."
In the case of Bankins v. Police Jury, supra, a case in which the plaintiff sued the Police Jury of Calcasieu Parish and B. E. Miller, an individual member, for damages alleged to have been caused by the giving way of a defective bridge of Miller's Ward, the Supreme Court of this State recognized the two theories in cases such as this one, stating:
"Courts in other jurisdictions are very much divided on the question of the liability of highway officers to persons injured by the defective condition of the roads and bridges.
"Some courts, and perhaps the majority, hold that in such cases the duty of the officer is to the public, and there is therefore no liability to individuals.
"Other courts maintain the liability of the officer to individuals specially injured when he had requisite funds on hand or under control to make the necessary repairs."
However, the court found it unnecessary to elect between the two conflicting theories because it found as a fact that the amount *Page 132 
of funds placed at the disposal of the defendant Miller was not stated, nor was it alleged that they were not sufficient to keep the road and bridge in good condition.
In the language of the Supreme Court in the case of Bankins v. Police Jury, supra, "The defendant was a police juror, and therefore could not have been a regular road overseer or supervisor appointed by the body. He therefore must have voluntarily acted as a supervisor in the, supposed interest of the people of his ward. It was a thankless task at best".
Since the Supreme Court has refused to elect between these two conflicting theories, it appears that we must make the election. For our part, we are willing to follow the majority holding as set out in 9 Corpus Juris, 11 Corpus Juris Secundum, and as set out in the case of Bankins v. Police Jury, supra. It would be a dangerous public policy to establish that an individual member of the Police Jury could be held personally liable to an individual suing in tort for damages by reason of the bad condition of a road or bridge.
For these reasons, the judgment appealed from is affirmed.