Dear Mr. Speed:
You have requested an opinion of the Attorney General, in your capacity as General Legal Counsel on behalf of the St. Helena Parish Police Jury ("Police Jury"), regarding the use of a seven mill ad valorem tax dedicated for the construction and maintenance of roads within two adjacent road subdistricts constituting District No. 5. The facts presented for our consideration in resolving your inquiry are as follows:
The Police Jury has established six road taxing districts, each corresponding to one of six wards which comprise the parish. One such District (Number 5) has been divided into two subdistricts. The dividing line delineates two voting districts which are represented by three police jurors.
A disagreement between two of the police jurors has developed regarding the expenditure of these tax revenues within their respective subdistricts. Thus, the issue, to-wit:
Can the tax revenues generated within the subdistricts bedivided among the three jurors in proportion to the arearepresented by each, to be expended only in his or her area?
You further state that the seven mill tax was renewed on April 20, 1996, for a period of ten years. Thus, you question whether Article VI, Section 30 is applicable to the tax.
In answer to your first question, we refer you to R.S.33:1236(2) and 48:751-762. The former defines the power of the Police Jury with regard to parish roads, while the latter establishes the Parish Transportation Fund ("PTF").
Section 33:1236(2) provides, the following:
"§ 1236. Powers of parish governing authorities
 The police juries and other parish governing authorities shall have the following powers:
 * * *
 B. (2)(a) To regulate the proportion and direction, the making and repairing of the roads, bridges, causeways, dykes, dams, levies and highways when, in the opinion of the police jury, such work will further the best interests of the parish and the parish road system;" (Emphasis added.)
The PTF constitutes funds appropriated by the legislature and distributed by the State Treasurer to parish governing authorities on a per capita basis. The funds are used by the various parishes in the manner, and for the purposes set forth in Sections 753 and 754.
We specifically draw your attention to R.S. 48:755 relating to the Police Jury's adoption of a system of road administration. It provides, in pertinent part, the following:
"§ 755. System of administration
 A. Unless otherwise provided by law, parishes shall adopt a system of road administration which shall require approval of the governing authority for any expenditures made out of this fund, and no member of the governing authority shall expend any funds in his ward or district without the approval of the parish governing authority. Each parish shall adopt a parishwide system of administration . . . which shall include the development of a capital improvement program on a selective basis, centralized purchasing of equipment and supplies, centralized accounting, and selective maintenance and construction. All construction shall be based upon engineering plans and inspection.
 * * *
 B. (2) The funds appropriated to each parish shall be used for the benefit of the parish as a whole and within the priority ranking for the parish. The most critical needs existing parishwide according to the priority ranking shall be met first. Funds shall not be expended in the parish until the parish has complied with the provisions of this part.
 C. The parishwide selective maintenance program . . . shall provide for a schedule of the work to be performed by category, on a weekly basis. The program shall be prepared and administered by the parish road manager. . . . " (Emphasis added.)
Section 758 subjects monies distributed to the Police Jury from the PTF to audit by the Louisiana Legislative Auditor ("Auditor") or, at his discretion, a certified public accountant. Further, Section 759 sets forth the Auditor's reporting requirements, as follows:
 "§ 759. Report of any misuse of funds or noncompliance with statutory requirements.
 In any case in which an audit . . . cites either improper expenditures or noncompliance with the statutory requirements comprising this part, the legislative auditor shall promptly report the improper expenditures or the noncompliance with statutory requirements to the Legislative Audit Advisory Council, or its successor." (Emphasis added.)
Section 761 provides, in pertinent part, the following:
 "§ 761. Misuse of funds or noncompliance with statutory requirements; withholding of distribution; notification of district attorney
 A. If, on the basis of the report of the legislative auditor, or from its own investigation, the Legislative Audit Advisory Council, or its successor, determines that there has been a misuse by a parish governing authority of funds from the Parish Transportation Fund or that the parish governing authority is in noncompliance with the statutory requirements comprising this Part, it shall then determine whether a partial or total withholding of the parish's appropriation for any remaining months in the current fiscal year shall be necessary." (Emphasis added.)
As can be gleaned from the above, while the Police Jury is empowered to regulate the maintenance and construction of roads, its power is clearly limited by R.S. 33:2236(2) [33:1236(2)] to works that the Police Jury determines to be in the best interest of the parish and the parish road system. Further, the statutory provisions of the PTF, quoted supra, require the parish road system to be administered efficiently and centrally by the Police Jury as a whole. This method of administration is commonly referred to as the "unit system". We focus now on the characteristics of the unit system.
The unit system recognizes that each police juror represents a certain constituency within his or her voting district. It replaces the "ward system", under which individual jurors functioned autonomously for the exclusive benefit of his or her own ward/district. The ward system is incompatible with the PTF and, therefore, has been deemed unacceptable for purposes of compliance therewith.
Applying the concepts of unit and ward systems to the administration of a road program, the unit system calls for the implementation of centralized accounting and parishwide capital improvement and selective maintenance programs based upon the prioritization of projects developed by the police jury, collectively. Expenditures are made only upon approval of the Police Jury, and pursuant to a duly adopted budget. A centralized purchasing system must be implemented and work assignments are scheduled and supervised, centrally, by the parish road manager.
By contrast, under the old ward system, individual police jurors determine the projects to be undertaken in their own wards, hire, fire and supervise separate ward work crews, budget and spend money for their projects and purchase equipment and supplies for use in their ward, only. The ward system has proven to be uncoordinated and inefficient. More importantly, the implementation and/or retention of a system of road administration based on the ward system constitutes a violation of the provisions of the PTF, resulting in the withholding and possible forfeiture of PTF monies. In addition, it subjects individual police jurors to criminal prosecution and civil liability. R.S. 48:762 and Strahan v. Fussell, 42 So.2d 129
(La.App. 1st Cir. 1949). Having distinguished the characteristics of the unit and ward systems, we focus now on the funds at issue and the operation of the law thereon.
As previously noted, the subject tax revenues are being generated from an ad valorem tax dedicated to the maintenance and construction of parish roads within District No. 5. R.S. 39:704 provides, with respect to the proceeds of a special tax, as follows:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used."
As can be seen from the above, the tax proceeds must be expended for road projects within District 5. Further, the statutory provisions of the PTF distinguish between the improperuse of PTF funds and noncompliance withthe substantiative provisions of Section 754 relating to theunit system of road administration. Thus, the expenditure of these purely local, as opposed to PTF, funds is not limited to the uses stipulated for PTF monies in R.S. 48:753. Rather, local funds may be expended for any road-related project, otherwise lawful, and authorized by the tax proposition.
Since the penalty provisions for misuse of funds in R.S.48:759, 761 and 762 are directed only to the misuse of PTF funds, they would not apply to the use of local tax dedicated funds. If, however, the local funds are commingled with state appropriated PTF monies, the former would loose their parochial identity and, by operation of law, be considered PTF funds. As a result, all funds, including the commingled local tax monies, become subject to the misuse of funds provisions in the PTF statutes. In accord are Attorney General Opinion Nos. 96-30, 89-494, 89-229, 229-A and 92-328.
To reiterate, in addition to the misuse of PTF funds, the PTF provisions are also violated in the event there is noncompliance with the substantiative provisions of R.S. 48:754, requiring the parish road program to be based on the unit system of government.Unlike the misuse of funds provisions, theadministration provisions constitute mandatory substantivelaw which must be complied with whether projects are beingfunded with state or local monies. In other words, regardless of the funding source, the Police Jury must adopt a system of road administration which requires approval of the governing authority, as a whole, for any state and/or
local fund expenditures. In addition, the Police Jury must develop a capital improvement program on a selective basis, centralized purchasing of equipment and supplies, centralized accounting and selective maintenance and construction. Failure to develop a unit system of administration can result in the suspension and/or forfeiture of state appropriated funds. In accord are Attorney General Opinion Nos. 96-30, 92-328, 90-212, 89-494, 89-229-A and 76-1861.
While the formula for the actual division, distribution and allotment of the tax revenues dedicated for use in District No. 5 lies within the sound discretion of the Police Jury, said formula must comply, in all respects, to the unit system. We turn now to your second question involving the application of Article VI, Section 30 of the Louisiana Constitution of 1974, as amended by Act No. 1329 (S.B. No. 74) of the 1995 Regular Session of the Louisiana Legislature. It provides, in pertinent part, the following:
"§ 30. Political subdivisions; Taxing Power
 * * *
 (B) Notwithstanding the provisions of Paragraph (A) of this Section, or any other provision of law to the contrary, no political subdivision shall submit the same tax proposition, or a new tax proposition that includes such a tax proposition, to the electorate more than once within a six month period except in the case of an emergency as determined by the governing authority of the political subdivision."
The above mandatory language was approved by the electorate of this state and became effective on November 23, 1995.
You specifically ask whether its provisions are applicable to the tax proposition, in question, which was resubmitted to, and renewed by, the voters of Road District No. 5 on April 20, 1996. In answer to your question, we are of the opinion that Article VI, Section 30(B) is applicable to the subject tax proposition. Accordingly, it would prohibit the resubmission of thesame tax proposition to the voters in District No. 5 and/or the two road subdistricts comprising District No. 5. An exception is recognized where the parish governing authority determines that an emergency exists. Conversely, the prohibition would not be applicable to the submission of adifferent tax proposition.
In summary, it is the opinion of this office that:
 1. The expenditure of local tax revenues dedicated to the maintenance and construction of roads within a road district, comprised of two subdistricts, must be confined to projects within the district/subdistricts. R.S. 39:704.
 2. As long as the parochial tax revenues are not commingled with state PTF funds, the former may be used for any lawful purpose specified in the tax proposition. The fact that said use is not expressly authorized by the PTF does not subject the Police Jury to the penalty provisions thereof.
 3. The commingling of local tax revenues with PTF monies subjects the local funds to the same use restrictions applicable to PTF funds, including the criminal and civil sanctions for the misuse of same.
 4. The Police Jury must adhere to the unit system in the administration of its road program, regardless of the source of funding being used. This includes compliance with the mandatory substantiative provisions of R.S. 48:755, discussed supra. Noncompliance can result in the suspension and/or forfeiture of state funding, as well as the imposition of criminal and civil sanctions.
 5. The formula used to distribute local tax revenues dedicated for use, exclusively within Road District No. 5, lies within the discretion of the Police Jury. As long as the funds are divided or allocated in a manner that is consistent with the unit system of administration, including the provisions of R.S. 48:755, compliance therewith is not compromised.
 6. Article VI, Section 30(B) prohibits the Police Jury from submitting the same tax proposition, or a new tax proposition that includes the same tax proposition, to the electorate of Road District No. 5 and/or the two subdistricts comprising said District more than once within a six month period, except in the case of an emergency as determined by the Police Jury.
Trusting this answers your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III/cla
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General