Dear Mr. Kyle:
You requested the opinion of this office regarding the Parish Transportation Fund (the "Fund") as it pertains to a proposed transfer from the St. Landry Parish Solid Waste Disposal Commission (the "Commission") to the St. Landry Parish Police Jury (the "Police Jury") pursuant to Act 1249 of the 1999 Regular Session of the Louisiana Legislature ("Act 1249").
Act 1249 amends the provisions of Act No. 289 of the 1980 Regular Session of the Louisiana Legislature to revise the powers of the Commission by providing in pertinent part as follows:
 "The commission shall have the following powers and duties:
 * * *
 (g) To enter into intergovernmental agreements with the governing authority of St. Landry parish or of any municipality within the parish for the use of surplus funds
derived from fees collected from persons or political subdivisions for the disposal of solid waste generated outside of the boundaries of the district for the purposes of improving or resurfacing parish roads and municipal streets and drainage improvements incidental thereto. The commission may also enter into an inter-governmental agreement with the governing authority of the St. Landry Parish Economic and Industrial Development District . . . The commission may adopt rules governing the disbursement of such funds prior to any disbursement."
You advised that the Commission has determined that $1,800,000 is available for use by the Police Jury. The Police Jury adopted a resolution on July 12, 1999 providing for the use of such funds and the Commission has expressed agreement with the Police Jury's plan. An amendment to the resolution was adopted by the Police Jury on August 9, 1999.
The resolutions allocate the funds to be received from the Commission to the four working districts in the parish based on population and road mileage. Within each working district, the funds are broken down by police juror district on the basis of mileage. In addition, the resolution requires specific amounts for engineering contingencies and provides that priority lists be finalized for each working district. Your office has been advised that this proposed allocation is consistent with the manner in which the Police Jury expends its Parish Transportation Act funds.
Your first question is whether the resolution, as amended, constitutes the parish wide priority system required by R.S.48:755.
R.S. 48:755 provides in pertinent part as follows:
 A. Unless otherwise provided by law, parishes shall adopt a system of road administration which shall require approval of the governing authority for any expenditures made out of this fund, and no member of the governing authority shall expend any funds in his ward or district without the approval of the parish governing authority. Each parish shall adopt a parishwide system of administration inclusive of parish roads within municipalities which shall include the development of a capital improvement program on a selective basis, centralized purchasing of equipment and supplies, centralized accounting, and selective maintenance and construction. All construction shall be based upon engineering plans and inspection.
 B. (1) The parishwide capital improvement program shall list all projects to be constructed during the fiscal year. Each parish shall undertake a continuing study of the needs of the various parish roads for the purpose of bringing existing roads up to current standards or for replacement of existing roads where required and shall keep the information so developed up to date through a continuing annual needs study. Each parish shall develop a parishwide program of construction inclusive of parish roads within municipalities to be commenced the ensuing fiscal year which shall be based upon the anticipated revenues to be appropriated by the legislature and listed in a prioritized ranking based on parishwide needs inclusive of parish roads within municipalities and shall include overlay projects. The program shall also list the projects which may reasonably be anticipated to be constructed in the following two years. All projects listed for the total three-year program shall be approved by the parish governing authority. The capital improvement program shall be adopted by the parish governing authority prior to the beginning of the first year of the three-year plan. The program shall be adopted annually regardless of whether the parish governing authority anticipates capital improvements in the first year of the plan.
 (2) The funds appropriated to each parish shall be used for the benefit of the parish as a whole and within the priority ranking for the parish. The most critical needs existing parishwide according to the priority ranking shall be met first. Funds shall not be expended in the parish until the parish has complied with the provisions of this Part.
 C. The parishwide selective maintenance program inclusive of parish roads within municipalities shall provide for a schedule of the work to be performed by category, on a weekly basis. The program shall be prepared and administered by the parish road manager. The parish road manager may authorize maintenance work not contained in the weekly schedule upon receipt of constructive notice of a defect in the parish road system and when, in the opinion of the parish road manager, the defect constitutes a hazard to public safety. The parish road manager shall maintain a record of the work so authorized and shall report the total amount of such expenditures on a monthly basis to the parish governing authority." (Emphasis added)
This office has previously opined that R.S. 48:755, which requires parishes to adopt a "system of road administration", is mandatory substantive law regardless of whether the source of funding for a particular road project is with state or local monies. In other words, the Police Jury must adopt a system of road administration which requires approval of the governing authority, as a whole, for any state and/or local fund expenditures. In addition, the system of administration must include the development of a capital improvement program on a selective basis, centralized purchasing of equipment and supplies, centralized accounting, and selective maintenance and construction. Op.Atty.Gen. Nos. 97-267, 96-30, 96-189, 92-328, 89-229, 89-229-A.
The parishwide program of construction must be listed in a prioritized ranking based on parishwide needs. The funds appropriated to each parish shall be used for the benefit of the parish as a whole and within the priority ranking for the parish.The most critical needs existing parishwide according to the priority ranking shall be met first. This program must be adopted annually regardless of whether the police jury anticipates funding the projects in that calendar year. Op.Atty.Gen. No. 93-448.
The statutory provisions of the Parish Transportation Fund, quoted above, require the parish road system to be administered efficiently and centrally by the Police Jury as a whole. This method of administration is commonly referred to as the "unit system". The unit system recognizes that each police juror represents a certain constituency within his or her voting district. It replaces the "ward system", under which individual jurors functioned autonomously for the exclusive benefit of his or her own ward/district. The ward system is incompatible with the Parish Transportation Fund and, therefore, has been deemed unacceptable for purposes of compliance therewith.
Applying the concepts of unit and ward systems to the administration of a road program, the unit system calls for the implementation of centralized accounting and parishwide capital improvement and selective maintenance programs based upon the prioritization of projects developed by the police jury, collectively. Expenditures are made only upon approval of the Police Jury, and pursuant to a duly adopted budget. A centralized purchasing system must be implemented and work assignments are scheduled and supervised, centrally, by the parish road manager.
By contrast, under the old ward system, individual police jurors determine the projects to be undertaken in their own wards, hire, fire and supervise separate ward work crews, budget and spend money for their projects and purchase equipment and supplies for use in their ward, only. The ward system has proven to be uncoordinated and inefficient. More importantly, the implementation and/or retention of a system of road administration based on the ward system constitutes a violation of the provisions of the Parish Transportation Fund, resulting in the withholding and possible forfeiture of Parish Transportation Fund monies. In addition, it subjects individual police jurors to criminal prosection and civil liability. R.S. 48:762 and Strahan v.Fussell, 42 So.2d 129 (La.App. 1st Cir. 1949).
The penalty provisions for misuse of funds in R.S. 48:759, 761 and 762 are directed only to the misuse of Parish Transportation Fund funds, and would not apply to the use of local funds. If, however, the local funds are commingled with state appropriated Parish Transportation Fund monies, the former would loose their parochial identity and, by operation of law, be considered Parish Transportation Fund funds. As a result, all funds, including the commingled local tax monies, become subject to the misuse of funds provisions in the Parish Transportation Fund statutes. In accord are Op.Atty.Gen. Nos. 96-189, 96-30, 89-494, 89-229, 89-229-A and 92-328.
From the information supplied, it does not appear that the projects to be constructed with Commission funds will be selected on the basis of "the most critical needs existing parishwide" but rather the funds are to be divided into the four working districts based upon population and road mileage. Furthermore, the engineers are to be selected by the individual districts rather than on a parishwide basis. Accordingly, the resolution, as amended, does not appear to be in compliance with a parishwide priority system as required by R.S. 48:755.
Your second question is: if the Commission elects to pay for the parish road and drainage repairs directly, based on the referenced resolution and in accordance with the intergovernmental agreement required by Act 1249, would there be any requirement for the commission to comply with the provisions of R.S. 48:755?
This office has reviewed the powers and duties of the Commission as set forth in Act 1249, and we do not find any authorization for the Commission to repair the roads. The Commission is only authorized to enter into an intergovernmental agreement with the Police Jury or the St. Landry Parish Economic and Industrial Development District to do the improvements. Accordingly, it is the opinion of this office that the Commission cannot enter into contracts directly for road and drainage repairs.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS
Assistant Attorney General
RPI/MSH